## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## CENTRAL DIVISION

| | |
|---|---|
| ANN FRANCIS, individually and on behalf of all others similarly situated<br>1662 CARRIGALLEN LANE<br>COLUMBUS, OHIO 43228<br><br>    Plaintiff,<br><br>vs.<br><br>EXTENDED LIFE HOMECARE, LTD.<br>1350 W. FIFTH AVENUE, SUITE 16<br>COLUMBUS, OHIO 43212<br><br>and<br><br>KENNETH LAMPLEY<br>1350 W. FIFTH AVENUE, SUITE 16<br>COLUMBUS, OHIO 43212<br><br>and<br><br>JANNON LAMPLEY<br>1350 W. FIFTH AVE, SUITE 16<br>COLUMBUS, OHIO 43212 | CIVIL ACTION    2:18-cv-11<br><br>JUDGE<br><br>COLLECTIVE ACTION COMPLAINT<br><br>(Jury Demand Endorsed Hereon) |

___

The Plaintiff, Ann Francis ("Plaintiff"), by and through the undersigned counsel and on behalf of herself and all similarly situated individuals, brings this collective action against Defendants Extended Life Homecare, Ltd., Kenneth Lampley, and Jannon Lampley (collectively "Defendants") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, *et. seq.*, as well as the statutes and common laws of the State of Ohio. Plaintiff alleges and complains as follows:

## INTRODUCTION

1. This case is filed on the basis of the Defendant's policies and practices that are in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201-§219. This case is also filed on the basis of a violation of the Ohio Revised Code §4111.03, §4111.10, §4111.99, §4112.02, §4113.14, §4113.15, and §4113.99. This case is further filed on the basis of several common laws of the State of Ohio, including breach of contract and/or quasi-contract, unjust enrichment, and promissory estoppel.

2. Plaintiff brings this matter as a collective action under the FLSA pursuant to 29 U.S.C. §216(b) and brings it on behalf of herself and other similarly situated individuals who may join this case pursuant to §216(b) ("Federal Class").

3. Plaintiff brings this matter as a collective action pursuant to Ohio Revised Code §4113.14(K) ("State Class").

## JURISDICTION AND VENUE

4. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 3, inclusive herein above.

5. The Court has federal question jurisdiction over this lawsuit pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367 because these claims are so related to the FLSA claims as to form part of the same case or controversy.

7. Venue is proper in this forum pursuant to 28 U.S.C. §1391 as all, or substantially all, of the events or omissions giving rise to Plaintiff's claims occurred within this Court's jurisdiction.

## PARTIES

8. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 7, above.

9. Plaintiff is a resident of Franklin County, over the age of 18, and subject to the jurisdiction of this Court.

10. Defendant Extended Life Homecare, Ltd. is an Ohio Corporation for Profit, has a principal place of business in Franklin County, Ohio, and is subject to the jurisdiction of this Court. According to the Defendant's website, in part, "Extended Life Homecare is an in-home health service provider that assists individuals and families with an alternative option to continuous hospitalization or institutionalizations. We specialize in providing rehabilitation and health care in the comfort and convenience of the consumer's home."

11. Defendant Kenneth Lampley is co-owner of Defendant Extended Life Homecare, Ltd. and a resident of central Ohio. Mr. Lampley is the general manager of Defendant Extended Life Homecare, Ltd. and has ultimate control over the day-to-day operations of Defendant Extended Life Homecare, Ltd. Mr. Lampley was Plaintiff's immediate supervisor.

12. Defendant Jannon Lampley is co-owner of Defendant Extended Life Homecare, Ltd. and a resident of central Ohio. Ms. Lampley is an administrator of Defendant Extended Life Homecare, Ltd. and has ultimate control over the day-to-day operations of Defendant Extended Life Homecare, Ltd.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 12, above.

14. At all times relevant, Defendant Extended Life Homecare, Ltd. was an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d) and O.R.C. §4111.01, *et. seq.*

15. At all times relevant, Plaintiff was an "employee" within the meaning of 29 U.S.C. §203, O.R.C. 4111.01, *et. seq.* and Article II, §34(a) of the Ohio Constitution.

16. At all times relevant, Defendant Extended Life Homecare, Ltd. had annual sales in excess of $500,000.00 and was an enterprise within the meaning of 29 U.S.C. §203(r) and O.R.C. §4111.01, *et. seq.*

17. At all times relevant, Defendant Extended Life Homecare, Ltd. was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1).

18. At all times relevant, Defendant Extended Life Homecare, Ltd. failed to pay Plaintiff overtime as required by Federal and State law, as Plaintiff was not properly exempt from time-and-a-half overtime compensation.

19. Those individuals who are similarly situated to the Plaintiff, the proposed "opt-ins," consist of all present and former employees of Defendants who perform or performed home healthcare services on behalf of Defendants during the period of three (3) years preceding the commencement of this action to the present who were not paid overtime at a rate of not less than 1.5 times their regular rate of pay for work in excess of forty (40) hours per regularly scheduled workweek in one or more workweeks.

20. Such individuals are "similarly situated" with respect to Defendants' FLSA and Ohio law violations in that all were employees of Defendant Extended Life Homecare, Ltd. and subjected to injury as a result of the Defendants' failure to compensate such individuals at a rate not less than 1.5 times their regularly rate of pay for work in excess of forty (40) hours per regularly scheduled workweek in one or more workweeks.

21. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) and O.R.C. §4113.14(K) is proper and necessary so that such persons may be sent a court-authorized notice informing them of the pendency of this action and providing them an opportunity to opt-in to this action, as appropriate.

### PLAINTIFF'S FACTUAL ALLEGATIONS

22. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 21, above.

23. Plaintiff was hired as an employee in November 2014.

24. At the time of Plaintiff's hiring, she was paid $20.00 per hour for the first patient and $16.00 per hour for each additional patient under her care.

25. Plaintiff had three patients under her care from November 2014 through August 2015. After August 2015, she continually had two patients under her care.

26. In March 2015, Defendant unilaterally and without notice converted Plaintiff from being an employee of Defendant Extended Life Homecare, Ltd. to being an independent contractor. Plaintiff experienced no change in job duties or responsibilities between being an employee and a misclassified independent contractor. Plaintiff learned of the conversion only after noticing that her paychecks, which were directly deposited into her bank account, were incorrect. When Plaintiff questioned this, Defendant Kenneth Lampley informed her that the different amount accounted for taxes that were no longer being withheld because he converted her to an independent contractor.

27. Throughout the nearly three (3) years preceding the filing of this action that Plaintiff worked for Defendant, Plaintiff worked an average of 50 hours per week.

28. Plaintiff is not exempt from overtime under the Fair Labor Standards Act.

29. Defendants Extended Life Homecare, Ltd., Kenneth Lampley, and Jannon Lampley willfully engaged in a scheme to deprive Plaintiff of her overtime compensation.

30. The FLSA requires employers to create and keep precise time records and such time records do not exist. Absent Defendant Extended Life Homecare, Ltd. keeping such records, Plaintiff is permitted to submit her information about the number of hours worked and estimates this time at 50 hours per week, totaling approximately $81,000.00 plus liquidated damages.

## COUNT I
### Violation of the Fair Labor Standards Act ("FLSA")

31. Plaintiff incorporates by reference herein the allegations contain in paragraphs 1 through 30 above.

32. Defendant Extended Life Homecare, Ltd. is an employer covered by the overtime requirements set forth in the FLSA, and Plaintiff was a non-exempt employee for purposes of 29 U.S.C. §207.

33. During the relevant time periods set forth in this Complaint, Defendant Extended Life Homecare, Ltd. violated the FLSA by not paying Plaintiff the legally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

34. Plaintiff does not qualify for an exemption from the overtime obligations under the FLSA.

35. During the entirety of Plaintiff's employment with Defendant Extended Life Homecare, Ltd., Defendants Extended Life Homecare, Ltd., Kenneth Lampley, and Jannon Lampley knew that Plaintiff was not exempt from overtime obligations imposed by the FLSA, yet they willfully withheld and failed to properly pay overtime compensation to Plaintiff despite such knowledge.

36. The exact amount of compensation, including overtime compensation that Defendant has failed to pay Plaintiff is not known at this time, as many of the records necessary to make such calculations are in Defendants' possession (or not kept by Defendants), but Plaintiff estimates at $81,000.00 plus liquidated damages of $81,000.00, plus reasonable attorney's fees and costs is due and owing to Plaintiff.

37. Defendant's failure to pay Plaintiff overtime compensation for all hours worked is not based on good faith or any other reasonable grounds. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to liquidated damages in an amount equal to the compensation and/or overtime she has not already been paid.

38. Plaintiff has been required to file this action as a result of the illegal actions of Extended Life Homecare, Ltd., Kenneth Lampley, and Jannon Lampley who, together, failed to pay Plaintiff her proper compensation. As such, Plaintiff is entitled to attorney fees and costs included pursuant to 29 U.S.C. §216(b) in addition to the $81,000.00 actual damages and $81,000.00 liquidated damages.

## COUNT II
### Overtime Violations Under Ohio Law

39. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 38, above.

40. The Ohio Minimum Fair Wage Standards law, O.R.C. § 4111.03 requires an employer to pay overtime compensation to all non-exempt employees.

41. Pursuant to O.R.C. § 4111.03, Plaintiff must be paid for all time worked in excess of forty hours per week at a rate equal to one and one-half times her normal hourly rate.

42. As set forth above, Plaintiff was routinely shorted overtime pay.

43. Plaintiff seeks damages in the amount of the underpayments pursuant to O.R.C. § 4111.03 plus attorney's fees, costs, liquidated damages, expenses, and other relief pursuant to § 4111.10 and other applicable Ohio laws.

## COUNT III
### O.R.C. §4111.10(A) and §4111.99 Violations

44. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 43, above.

45. Plaintiff does not have time records for hours worked during her employment but has set forth her best estimate of the hours worked by her for that time period at 50 hours per week.

46. Under O.R.C. §4111.13(C), no employer shall pay or agree to pay wages at a rate less than the rate applicable under sections 4111.01 to 4111.17 of the Revised Code. Each week or portion thereof for which the employer pays an employee less than the rate applicable under those sections constitutes a separate offense as to each employee. Further, no employer shall otherwise violate sections 4111.01 to 4111.17 of the Revised Code, or any rule adopted thereunder. Each day of violation constitutes a separate offense.

47. Defendant has violated O.R.C. §4111.10(A) for its failure to pay Plaintiff in accordance with §4111.03(A), which is an overtime wage at a rate of 1.5 times the Plaintiff's regular rate of pay in excess of forty (40) hours per week.

48. The Plaintiff is due $81,000.00, plus liquidated damages of $81,000.00, plus interest, costs, and attorney fees as may be permitted by the Court under O.R.C. § 4111.10(A).

## COUNT IV
### O.R.C. §4113.15 and §4113.99 Violations

49. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 48, above.

50. No time records exist, or those that do exist are false, inaccurate, and unreliable for Plaintiff during her employment with Defendants.

51. Defendants have failed to properly pay Plaintiff her semimonthly payment of wages in accordance with §4113.15 of the Ohio Revised Code because proper overtime wages have not been paid to Plaintiff in a timely manner.

52. As a result of the foregoing, Plaintiff is due $81,000.00, plus $81,000.00 as liquidated damages, totaling $162,000, plus statutory interest, plus six percent liquidated damages of amounts owed to Plaintiff that are greater than sixty (60) days overdue from the scheduled payday.

## COUNTY V
### Breach of Contract and/or Quasi-Contract

53. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 52, above.

54. Defendants promised constructive, orally, and/or in writing to pay Plaintiff, and those similarly situated to Plaintiff, a set hourly rate for time worked and at a rate of one and one-half times the set hourly rate for time worked beyond forty hours per week.

55. Plaintiff, and those similarly situated to Plaintiff, furnished valuable consideration in the form of labor with the expectation of pay at the agreed upon rate.

56. Plaintiff, and those similarly situated to Plaintiff, performed labor for Defendants in excess of forty hours per week pursuant to Defendant's promise to pay overtime for work in excess of forty hours per week.

57. Defendants benefitted from labor in excess of forty hours per week by Plaintiff and those similarly situated to Plaintiff.

58. Plaintiff, and those similarly situated to Plaintiff, experienced a detriment by not being paid time and a half for all hours worked over forty hours per week.

59. Defendants breached their obligations to Plaintiff, and those similarly situated to Plaintiff, by failing to pay the hourly overtime rate as set forth above.

60. Plaintiff, and those similarly situated to Plaintiff, have suffered damages in the form of lost wages, lost overtime pay, and other damages.

61. Defendants' failure to pay overtime violated the legal doctrine of contract and/or quasi-contract.

## COUNT VI
### Unjust Enrichment

62. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 61, above.

63. Through their labor, Plaintiff, and those similarly situated to Plaintiff, furnished a benefit to Defendants.

64. Plaintiff, and those similarly situated to Plaintiff, conferred a benefit upon Defendants when they worked hours and provided services for the benefit of Defendants.

65. Defendants were aware of and appreciated the benefits of this labor but did not pay Plaintiff, or those similarly situated to Plaintiff, for all hours worked and/or for all overtime hours as required by law.

66. Under the circumstances described herein, it would be inequitable for Defendants to retain the benefit labor by Plaintiff, and those similarly situated to Plaintiff, without just compensation to Plaintiff, and those similarly situated to Plaintiff.

67. Plaintiff, and those similarly situated to Plaintiff, are entitled to just compensation for the services rendered to Defendants.

## COUNTY VII
### Promissory Estoppel

68. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 67, above.

69. Defendants promised to pay Plaintiff, and those similarly situated to Plaintiff, a set hourly rate for time worked and a rate of one and one-half times the set hourly rate for time worked beyond forty hours per week.

70. Plaintiff, and those similarly situated to Plaintiff, relied on Defendants' promise to their detriment by benefiting Defendants with working in excess of forty hours per week.

71. Such reliance was foreseeable and objectively reasonable under the circumstances.

72. Plaintiff, and those similarly situated to Plaintiff, were damaged as a result of such reliance because they were deprived of pay for all hours worked including overtime hours.

73. Defendants knowingly and willfully deprived Plaintiff, and those similarly situated to Plaintiff, full pay for all hours worked including overtime hours.

## COUNT VIII
### Collective Action

74. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 73, above.

75. Pursuant to 29 U.S.C. §216(b), a collective action may be maintained by Plaintiff on behalf of Plaintiff and other eligible employees against Defendants.

76. In addition to Plaintiff, Defendants have failed to pay other non-exempt employees overtime compensation for hours worked in excess of forty (40) hours per week.

77. As a direct and proximate cause of Defendant's failure to pay these other employees their lawfully earned overtime wages, Defendants are liable to each of these employees for the full amount of the overtime wage rate and an additional amount as liquidated damages as well as costs and reasonable attorney fees.

**WHEREFORE**, Plaintiff requests the following relief against Defendant:

1. Conditionally certify this case as a collective action pursuant to 29 U.S.C. §216(b) and Ohio Revised Code §4113.14(K) and direct that a Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in, as appropriate;

2. Judgment in favor of Plaintiff and other class members and against Defendant for the amounts set forth in this Complaint;

3. Liquidated damages, attorney fees, and costs to Plaintiff and other class members; and

4. Grant to Plaintiff such other and further relief to which Plaintiff may be entitled, including all costs and attorney's fees herein incurred.

Respectfully submitted,

By: _____

Matthew D. Austin (0076619)
Huntington Bank Building
17 South High Street, Suite 810
Columbus, Ohio 43215
Phone: (614) 285-5342
Email: Matt@MattAustinLaborLaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all counts of this Complaint.

_____

Matthew D. Austin (0076619)

Attorney for Plaintiff, Ann Francis