**IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ANN FRANCIS | : | |
| | : | Case No. 2:18-CV-00011 |
| Plaintiff, | : | |
| | : | Judge George C. Smith |
| -vs.- | : | |
| | : | Magistrate Kimberly A. Jolson |
| EXTENDED LIFE HOME CARE, LTD, *et al*. | : | |
| | : | |
| | : | |
| Defendants. | : | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff Ann Francis and Defendants Extended Life Home Care, Ltd ("ELHC"), Kenneth Lampley, and Jannon Lampley jointly move for an Order approving the written settlement and released of claims agreement reached by the Parties (the "Agreement"), which resolves the claims and counterclaims in this case, including those claims under the Fair Labor Standards Act ("FLSA"). An executed copy of the Agreement is being submitted with this motion. As grounds for their motion, the parties state as follows:

**A.      Brief Summary of the Dispute and Rationale for Settlement.**

1.      Plaintiff filed this suit on January 5, 2018 and asserted claims under FLSA and Ohio wage and hour law for back wages owed, liquidated damages, and reasonable attorney fees and costs as well as other associated claims.

2.      Plaintiff worked for Defendant ELHC as a licensed practical nurse and performed all work inside of her own home. In order to be paid for her hours worked, Plaintiff was required to submit written timesheets to Defendant ELHC.

3. Defendants deny that Plaintiff was not property paid under FLSA and Ohio wage and hour law and brought counterclaims alleging Plaintiff overreported and was paid for hours she did not work.

4. The parties engaged in discovery and exchanged hundreds of pages of documents. The documents included all records related to Plaintiff's pay, including Plaintiff's timesheets and documents summarizing all wages paid to Plaintiff ("Payroll Documents"). Also exchanged were three years' worth of calendars kept by Plaintiff. Plaintiff claims to have carefully recorded all hours worked on these calendars.

5. Plaintiff Ann Francis and Kenneth Lampley both gave deposition testimony during discovery.

6. Plaintiff contends the Payroll Documents do not accurately reflect all hours she worked and claims the hours reflected in the calendars are more accurate. Defendants dispute this claim, arguing the Payroll Records are accurate.

7. Essentially, trial in this case would rest upon one party's word against the other. Thus, there is a bona fide dispute between the parties concerning FLSA liability.

8. On March 13, 2019, the parties engaged in Court ordered mediation in which all parties and their respective counsel attended. Although unable to settle this matter at the mediation, the parties continued to negotiate until finally arriving at an agreed settlement.

9. In an effort to avoid the expenses and potential risks associated with continued litigation of the claims, the parties have negotiated and executed the Agreement.

10. The settlement payment outlined in section 1 of the Agreement represents wages owed, liquated damages, plus costs and reasonable attorney fees to Plaintiff. The parties agree that $10,000 of the settlement payment is in settlement of wages and liquidated damages owed to

Plaintiff. The remainder of the Settlement Payment represents an award of attorney fees and costs incurred by Plaintiff.

**B.     Applicable Law.**

Most courts hold that "a back wage claim arising under the FLSA can only be settled or compromised in two ways: supervision by the Department of Labor or a stipulated judgment entered by a court that has determined that a settlement proposed by an employer and employee, in a suit brought by the employee under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Nasrallah v. Lakefront Lines, Inc.*, No. 1:17 CV 69, 2017 WL 2291657, at *4 (N.D. Ohio May 25, 2017).

"In evaluating the fairness and reasonableness of the Settlement Agreement, itself, the Court considers the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, and the amount of discovery completed." *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 WL 776933, at *6 (N.D. Ohio Mar. 8, 2010)

In the case at bar, this dispute has been litigated for over one-year with both sides engaging in discovery, including depositions, and Court mandated mediation. Based upon discovery, both sides have determined that there is a bona fide dispute as to FLSA liability and the case would likely proceed to a jury trial with an uncertain outcome for either side. Plaintiff and Defendants wish to avoid the expenses and potential risks associated with continued litigation of the claims and counterclaims.

**C.     Conclusion.**

In accordance with the requirements under FLSA, the parties respectfully request the Court enter an order approving the Agreement and finding the Agreement is fair, equitable and a reasonable resolution of the disputed claims and dismissing all claims and counterclaims in this

case with prejudice. A proposed joint order is being submitted herewith for the Court's consideration.

Respectfully Submitted,

/s/ Matthew D. Austin
Matthew D. Austin (0076619)
Huntington Bank Building
17 South High Street, Suite 810
Columbus, Ohio 43215
Phone: (614) 285-5342
Matt@MattAustinLaborLaw.com
*Co-Counsel for Plaintiff Ann Francis*

/s/ William H. Dulaney III
William H. Dulaney III (0037969)
211 Bradenton Ave., Suite 200
Dublin, OH 43017
Phone: 614-257-8723
wdulaney@m-dlegal.com
*Trial Attorney for Plaintiff Ann Francis*

/s/ Andrew D. Randol
Andrew D. Randol (0095263) Trial Attorney
STEVENS RANDOL, LTD.
1689 E. Main Street, Suite 201
Columbus, OH 43205
Phone: (614-826-3100)
Direct: (614-636-1039)
Fax: (614-737-5320)
arandol@stevensrandol.com
*Counsel for Defendants Extended Life Home Care, Ltd, Kenneth Lampley, and Jannon Lampley.*

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "*Agreement*") is entered into as of April ___, 2019 ("*Effective Date*") by and between Extended Life Home Care, Ltd. an Ohio limited liability company ("*ELHC*"), Kenneth Lampley, and Jannon Lampley (collectively "*Defendants*") and Ann Francis ("*Plaintiff*").

## RECITALS

WHEREAS, Plaintiff commenced suit against Defendants in the United States District Court for the Southern District of Ohio in case number 2:18-cv-11 captioned *Francis v. Extended Life Home Care, Ltd. et al.* for alleged violations of state and federal wage and hour laws, including the Fair Labor Standards Act and Revised Code § 4111.03, 4111.13(C), and 4111.01 – 4111.17 (the "*Action*");

WHEREAS, Defendants intended to defend against all such allegations in the Action and counterclaimed against Plaintiff for over reporting time and for overpayment of wages;

WHEREAS, Plaintiff and Defendants desire to amicably resolve the Action contingent upon the Court's approval of this Agreement.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the parties hereby agree as follows:

## AGREED TERMS

1. <u>Settlement Payment</u>. Defendants will pay to Plaintiff a total of Forty-Six Thousand Five Hundred and 0/100 Dollars ($46,500.00) of which Twenty-Two Thousand Five Hundred and 0/100 ($22,500.00) will be paid within seven (7) days of the Court filing an entry approving this Agreement, followed by eight monthly payments of Three Thousand and 0/100 Dollars ($3,000.00), with the first monthly payment being due on May 31, 2019 and the remaining monthly payments due on the last day of each following month until paid in full (the "*Settlement Payment*"). No payments shall be due until the Court has approved this Agreement pursuant to section 6. Upon Plaintiff's request, each payment from Defendants to Plaintiff shall be made payable to Plaintiff's attorney and representative Austin Legal, LLC located at 17 South High Street, Suite 810, Columbus, OH 43215. The parties acknowledge and agree that the payment constitutes full compensation for all of Plaintiff's claims, including but not limited to, claims for reasonable attorney fees incurred in the Action. The parties acknowledge and agree that they are otherwise solely responsible for paying any attorney fees and costs they incurred and that neither Plaintiff nor her attorney(s) will seek any award of attorney fees or costs from Defendants.

2. <u>Mutual Release of Claims</u>. The parties acknowledge that the consideration provided under this Agreement is sufficient. In consideration of the Settlement Payment and mutual release herein provided, Plaintiff and Defendants, to the maximum extent permitted by law, hereby irrevocably and unconditionally release and discharge each other and their past or present predecessors, parents, subsidiaries, affiliates, successors, assigns, officers, directors, shareholders, attorneys, heirs, and employees, and any related or affiliated corporations or entities, and their past or present predecessors, parents, subsidiaries, affiliates, successors, assigns, officers, directors, shareholders, attorneys, heirs, and employees, and any person or entity acting through or in concert with any of the preceding persons or entities (all of the preceding persons

and entities, severally and in the aggregate, will be referred to as "*Releasees*") from any and all actions, claims, demands, debts, reckonings, contracts, agreements, covenants, damages, judgments, executions, liabilities, appeals, obligations, attorney fees, and causes of action from the beginning of time to the date of this Settlement Agreement, known or unknown, asserted or unasserted, including but not limited to:

(a) Any and all disputes associated with or arising out of the Action;

(b) Plaintiff's employment with Defendants;

(c) any claims under federal, state, or local law, rule or regulation.

This Agreement resolves any claim for relief by the parties that is, or could have been alleged, no matter how characterized, including, without limitation, compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages, emotional distress, damages for humiliation and embarrassment, punitive damages, costs and attorney fees related to or arising from the Action.

3. No Outstanding or Known Future Claims/Causes of Action. The parties affirm that they have not filed and will not file with any governmental agency or court any type of action or report against the other party, and the parties currently know of no existing act or omission by the other party that may constitute a claim or liability excluded from the release in paragraph 2 above.

4. Acknowledgment of Settlement. The parties, as broadly described in paragraph 2 above, acknowledge that (a) the consideration set forth in this Agreement, which includes, but is not limited to, the Settlement Payment, is in full settlement of all of claims or losses of whatsoever kind or character that they have, or may ever have had, against the other party, as broadly described in paragraph 2 above, including by reason of the Action and (b) by signing this Agreement, and accepting the consideration provided herein and the benefits of it, they are giving up forever any right to seek further monetary or other relief from the other party, as broadly described in paragraph 2 above, for any acts or omissions up to and including the Effective Date, as set forth including, without limitation, claims asserted in the Action.

5. Termination of Litigation. Upon execution of this Agreement, the parties shall file a Joint Motion moving the Court for an Order approving this Agreement and a joint proposed entry in the Action in the form attached hereto as Exhibit A.

6. Court Approval Contingency. This Agreement is contingent upon the Court's approval of this Agreement in the Action pursuant to such requirements under the Fair Labor Standards Act. In the event the Court declines approval, this Agreement becomes null and void in its entirety and no party shall have any obligations or liability hereunder, including any obligation to settle or release any claims, including in the Action.

7. No Admission of Liability. The parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by any party hereto.

8.    Notices. All notices, demands and other communications hereunder shall be written and shall be deemed to have been duly given if delivered in person, mailed by certified mail, postage prepaid, or sent by a reputable delivery service to the address set forth below:

If to Defendants:
1350 W. 5th Avenue, Suite 16
Columbus, OH 43212

With a copy to: Stevens Randol, Ltd. 1689 E. Main Street, Columbus, OH 43205.

If to Plaintiff:
1662 Carrigallen Lane
Columbus, OH 43228

With a copy to: Austin Legal, LLC 17 South High Street, Suite 810, Columbus, OH 43215.

9.    Agreement is Legally Binding. The parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs and estates. Moreover, the persons and entities referred to in paragraph 2 above, but not a party, are third-party beneficiaries of this Agreement.

10.    Entire Agreement. The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the parties hereto.

11.    New or Different Facts: No Effect. Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any party's rights to enforce the terms of this Agreement.

12.    Interpretation. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

13.    Reliance on Own Counsel. In entering into this Agreement, the parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other party. The parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other party or by that other

party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

14. <u>No Presumption Against Drafter</u>. The Parties have freely negotiated this Agreement. The Parties agree that this Agreement is contractual in nature shall be deemed to have been drafted by all Parties jointly. No rule of contract interpretation that runs against the drafter shall be applied in any subsequent dispute over the terms and conditions contained in this Agreement.

15. <u>Counterparts</u>. This Agreement may be executed by the parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

16. <u>Authority to Execute Agreement</u>. By signing below, each party warrants and represents that the person signing this Agreement on its behalf has authority to bind that party and that the party's execution of this Agreement is not in violation of any by-law, covenants and/or other restrictions placed upon them by their respective entities.

**IN WITNESS WHEREOF,** and intending to be legally bound, each of the parties hereto has caused this Agreement to be executed as of Effective Date.

**Extended Life Home Care, Ltd.**               **Plaintiff**

_____                    _/s/ Ann R Francis_____
Kenneth Lampley, Member                         Ann Francis, individually

_____
Kenneth Lampley, individually

_____
Jannon Lampley, individually

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "*Agreement*") is entered into as of April ___, 2019 ("*Effective Date*") by and between Extended Life Home Care, Ltd. an Ohio limited liability company ("*ELHC*"), Kenneth Lampley, and Jannon Lampley (collectively "*Defendants*") and Ann Francis ("*Plaintiff*").

## RECITALS

WHEREAS, Plaintiff commenced suit against Defendants in the United States District Court for the Southern District of Ohio in case number 2:18-cv-11 captioned *Francis v. Extended Life Home Care, Ltd. et al.* for alleged violations of state and federal wage and hour laws, including the Fair Labor Standards Act and Revised Code § 4111.03, 4111.13(C), and 4111.01 – 4111.17 (the "*Action*");

WHEREAS, Defendants intended to defend against all such allegations in the Action and counterclaimed against Plaintiff for over reporting time and for overpayment of wages;

WHEREAS, Plaintiff and Defendants desire to amicably resolve the Action contingent upon the Court's approval of this Agreement.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the parties hereby agree as follows:

## AGREED TERMS

1. <u>Settlement Payment</u>. Defendants will pay to Plaintiff a total of Forty-Six Thousand Five Hundred and 0/100 Dollars ($46,500.00) of which Twenty-Two Thousand Five Hundred and 0/100 ($22,500.00) will be paid within seven (7) days of the Court filing an entry approving this Agreement, followed by eight monthly payments of Three Thousand and 0/100 Dollars ($3,000.00), with the first monthly payment being due on May 31, 2019 and the remaining monthly payments due on the last day of each following month until paid in full (the "*Settlement Payment*"). No payments shall be due until the Court has approved this Agreement pursuant to section 6. Upon Plaintiff's request, each payment from Defendants to Plaintiff shall be made payable to Plaintiff's attorney and representative Austin Legal, LLC located at 17 South High Street, Suite 810, Columbus, OH 43215. The parties acknowledge and agree that the payment constitutes full compensation for all of Plaintiff's claims, including but not limited to, claims for reasonable attorney fees incurred in the Action. The parties acknowledge and agree that they are otherwise solely responsible for paying any attorney fees and costs they incurred and that neither Plaintiff nor her attorney(s) will seek any award of attorney fees or costs from Defendants.

2. <u>Mutual Release of Claims</u>. The parties acknowledge that the consideration provided under this Agreement is sufficient. In consideration of the Settlement Payment and mutual release herein provided, Plaintiff and Defendants, to the maximum extent permitted by law, hereby irrevocably and unconditionally release and discharge each other and their past or present predecessors, parents, subsidiaries, affiliates, successors, assigns, officers, directors, shareholders, attorneys, heirs, and employees, and any related or affiliated corporations or entities, and their past or present predecessors, parents, subsidiaries, affiliates, successors, assigns, officers, directors, shareholders, attorneys, heirs, and employees, and any person or entity acting through or in concert with any of the preceding persons or entities (all of the preceding persons

and entities, severally and in the aggregate, will be referred to as "***Releasees***") from any and all actions, claims, demands, debts, reckonings, contracts, agreements, covenants, damages, judgments, executions, liabilities, appeals, obligations, attorney fees, and causes of action from the beginning of time to the date of this Settlement Agreement, known or unknown, asserted or unasserted, including but not limited to:

    (a)    Any and all disputes associated with or arising out of the Action;

    (b)    Plaintiff's employment with Defendants;

    (c)    any claims under federal, state, or local law, rule or regulation.

This Agreement resolves any claim for relief by the parties that is, or could have been alleged, no matter how characterized, including, without limitation, compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages, emotional distress, damages for humiliation and embarrassment, punitive damages, costs and attorney fees related to or arising from the Action.

3.    <u>No Outstanding or Known Future Claims/Causes of Action</u>. The parties affirm that they have not filed and will not file with any governmental agency or court any type of action or report against the other party, and the parties currently know of no existing act or omission by the other party that may constitute a claim or liability excluded from the release in paragraph 2 above.

4.    <u>Acknowledgment of Settlement</u>. The parties, as broadly described in paragraph 2 above, acknowledge that (a) the consideration set forth in this Agreement, which includes, but is not limited to, the Settlement Payment, is in full settlement of all of claims or losses of whatsoever kind or character that they have, or may ever have had, against the other party, as broadly described in paragraph 2 above, including by reason of the Action and (b) by signing this Agreement, and accepting the consideration provided herein and the benefits of it, they are giving up forever any right to seek further monetary or other relief from the other party, as broadly described in paragraph 2 above, for any acts or omissions up to and including the Effective Date, as set forth including, without limitation, claims asserted in the Action.

5.    <u>Termination of Litigation</u>. Upon execution of this Agreement, the parties shall file a Joint Motion moving the Court for an Order approving this Agreement and a joint proposed entry in the Action in the form attached hereto as <u>Exhibit A</u>.

6.    <u>Court Approval Contingency</u>. This Agreement is contingent upon the Court's approval of this Agreement in the Action pursuant to such requirements under the Fair Labor Standards Act. In the event the Court declines approval, this Agreement becomes null and void in its entirety and no party shall have any obligations or liability hereunder, including any obligation to settle or release any claims, including in the Action.

7.    <u>No Admission of Liability</u>. The parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by any party hereto.

8.      Notices. All notices, demands and other communications hereunder shall be written and shall be deemed to have been duly given if delivered in person, mailed by certified mail, postage prepaid, or sent by a reputable delivery service to the address set forth below:

   If to Defendants:
   1350 W. 5th Avenue, Suite 16
   Columbus, OH 43212

   With a copy to: Stevens Randol, Ltd. 1689 E. Main Street, Columbus, OH 43205.

   If to Plaintiff:
   1662 Carrigallen Lane
   Columbus, OH 43228

   With a copy to: Austin Legal, LLC 17 South High Street, Suite 810, Columbus, OH 43215.

9.      Agreement is Legally Binding. The parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs and estates. Moreover, the persons and entities referred to in paragraph 2 above, but not a party, are third-party beneficiaries of this Agreement.

10.     Entire Agreement. The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the parties hereto.

11.     New or Different Facts: No Effect. Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any party's rights to enforce the terms of this Agreement.

12.     Interpretation. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

13.     Reliance on Own Counsel. In entering into this Agreement, the parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other party. The parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other party or by that other


party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

14. No Presumption Against Drafter. The Parties have freely negotiated this Agreement. The Parties agree that this Agreement is contractual in nature shall be deemed to have been drafted by all Parties jointly. No rule of contract interpretation that runs against the drafter shall be applied in any subsequent dispute over the terms and conditions contained in this Agreement.

15. Counterparts. This Agreement may be executed by the parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

16. Authority to Execute Agreement. By signing below, each party warrants and represents that the person signing this Agreement on its behalf has authority to bind that party and that the party's execution of this Agreement is not in violation of any by-law, covenants and/or other restrictions placed upon them by their respective entities.

**IN WITNESS WHEREOF,** and intending to be legally bound, each of the parties hereto has caused this Agreement to be executed as of Effective Date.

**Extended Life Home Care, Ltd.**                    **Plaintiff**

_____                    _____
Kenneth Lampley, Member                              Ann Francis, individually

_____
Kenneth Lampley, individually

_____
Jannon Lampley, individually

4